AO 91 (Rev.5/85)   Criminal Complaint

## United States District Court

**FILED**

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

NOV X 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.

Venue: SAN FRANCISCO

Javad RAHEMZADEH,
a/k/a Mehdi OSIA,
a/k/a John Andreas SJOQUIST,
a/k/a John ABBASZADEH

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

**3  07  7 0 6 4 3**

CASE NUMBER:

**EMC**

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about July 10, 2002 in San Francisco County, in the Northern District of California, defendant did knowingly make under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribe as true, a false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presented any such application, affidavit, or other document which contained any such false statement to immigration officials, in violation of Title 18 United States Code § Section 1546(a).

I further state that I am a Customs and Border Protection Officer and that this complaint is based on the following facts:

**See attached Affidavit in Support of Criminal Complaint**

Maximum Penalties:
18 U.S.C. § 1546(a): 10 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment.

APPROVED AS TO FORM: _____
Wendy Thomas, SAUSA

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

Warrant of Arrest Requested:      ☒ Yes ☐ No
        Bail Amount: N/A

Signature of Complainant, Melissa Saurwein

Sworn to before me and subscribed in my presence,

~~October 31, 2007~~  11/1/07    at    San Francisco, California
Date                                      City and State

**United States Magistrate Judge** _____
Edward M. Chen
Name & Title of Judicial Officer          Signature of Judicial Officer

UNITED STATES DISTRICT COURT                    )

NORTHERN DISTRICT OF CALIFORNIA          ) ss. AFFIDAVIT
                                                                        )

AFFIDAVIT IN SUPPORT OF A CRIMINAL
COMPLAINT CHARGING
JAVAD RAHEMZADEH, a/k/a MEHDI OSIA,
a/k/a JOHN ANDREAS SJOQUIST, a/k/a JAVAD ABBASZADEH
WITH VIOLATING 18 U.S.C. § 1546(a),
FRAUD AND MISUSE OF VISAS, PERMITS, AND OTHER DOCUMENTS

I, Melissa Saurwein, do swear and affirm as follows,

**Purpose**

1.    This affidavit establishes probable cause to arrest Javad RAHEMZADEH, a/k/a Mehdi OSIA, a/k/a John Andreas SJOQUIST, a/k/a John ABBASZADEH, for violating 18 U.S.C. § 1546(a), Fraud and Misuse of Visas, Permits, and Other Documents, when he filed an Application for Naturalization with the Immigration and Naturalization Service in San Francisco, California, and knowingly subscribed as true statements which were false and material to his application, and knowingly presented said application to immigration officials. This affidavit is based in part on personal knowledge, interviews, and reviews of official documents and records, and does not contain every fact, piece of information or evidence concerning this alleged violation.

**Affiant Background**

2.    I am an Officer with the United States Department of Homeland Security, Customs and Border Protection ("CBP"). I have been employed with CBP since November of 2004. Previously, I was employed as a Supervisor with the Transportation Security Administration (TSA) for two years. I have received training and experience both from the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, and from CBP training conducted locally at the San Francisco International Airport. My duties include the investigation and prosecution of violations of the Immigration and Nationality Act and related criminal immigration statutes.

**Relevant Statute**

3.    Title 18 U.S.C. § 1546(a), Fraud and Misuse of Visas, Permits, and Other Documents, states, in relevant part:    "Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other

1

document which contains any such false statement"— is guilty of a felony. Title 18 U.S.C. § 3291 provides for a ten year statute of limitations for this offense.

**Case Facts and Evidence**

4. On May 10, 2007, the defendant arrived at San Francisco International Airport onboard KLM Flight Number 605 from Sweden (through Amsterdam) at approximately 15:40 hours. The defendant presented himself as a returning Lawful Permanent Resident ("LPR") by the name of Javad Rahemzadeh (D.O.B. 07/14/1968), citizen of Iran. He presented a valid United States Permanent Resident Card (A # 072-670-145) and U.S. Re-Entry permit form I-327 (Book # 300118139). Defendant was referred to secondary inspection due to a lookout that was issued by Agent Jeffrey Spada for the defendant on September 12, 2006. The defendant's fingerprints were run through the Inter-Agency Fingerprint Identification System ("IAFIS") and returned a positive hit for two different names.

5. On May 10, 2007, the defendant was placed under oath, sworn, and administratively interviewed by Customs and Border Patrol ("CBP") Officer Rachel Tran in English (Sworn statement form I-877). The defendant stated that his true name is Javad Rahemzadeh, that he was a citizen of Iran, and that he had previously used the name Osia Meadi *(sic)* to enter the United States. He stated that the name Osia Meadi *(sic)* was given to him by a smuggler. Officer Tran gave the defendant an I-546 thirty day deferred inspection form for verification of his status and released him.

6. On August 23, 1993, in San Francisco, California, the defendant submitted an application for asylum in the name of Javad Rahemzadeh (D.O.B. 07/14/1968), claiming he was a citizen of Iran, on the grounds of fear of persecution based on sexual orientation (the defendant alleged he was homosexual). The defendant provided an Iranian birth certificate in the name of Javad Rahemzadeh. This asylum application (Form I-589) was filed on November 18, 1993. The defendant left the country while the asylum application was pending. On September 12, 1995, this request for asylum was granted by U.S. Citizenship and Immigration Services ("USCIS"). On January 16, 1997, the defendant submitted an application to Register for Permanent Residence based on his asylum application being granted. The defendant was granted Legal Permanent Resident status on October 7, 1998.

7. On March 12, 1994, the defendant entered the United States aboard KLM 631 through Orlando International Airport in Florida, at which time the defendant presented a counterfeit Swedish passport that bore the name John Andreas Sjoquist (Passport # 21119013; D.O.B. 08/16/1975), and identified himself as John Andreas Sjoquist, citizen of Sweden, in his I-94 W Customs Declaration Arrival/Departure Record. After being placed under oath, the defendant stated his name was Mehdi Osia (D.O.B. 04/03/1969), citizen of Iran, and again requested asylum, this time on the grounds that he was a member of the Mujahedin (also known as the People's Mujahedin of Iran).

8. Also on March 12, 1994, the defendant was placed in exclusion proceedings and provided with notice to appear before an Immigration Judge based on the determination that the defendant had misrepresented a material fact to gain admission to the United States. The defendant thereafter absconded and on August 17, 1995, an Immigration Judge ordered the defendant deported or excluded in absentia.

9. On July 10, 2002, the defendant filed an Application for Naturalization in San Francisco, California, in the name of Javad Rahemzadeh, based on his having had asylum for five years. The original 2002 Naturalization Application included the following statements: (a) that he had never given false or misleading information to any U.S. government official while applying for an immigration benefit; and (b) that he had never lied to any U.S. government official to gain entry to the United States. The defendant signed the Application for Naturalization under the penalty of perjury.

10. On March 21, 2003, the defendant appeared for an examination to determine his eligibility. During this examination, the defendant stated under oath that he only ever used two names, Javad Rahemzadeh and Mehdi Osia. He also requested to change his name to Javad Abbaszadeh. Though his 2002 application stated he had never been ordered removed, excluded, or deported from the United States, he stated in the 2003 interview that he had a "deportation processing" in March of 1994 in Miami, Florida.

11. On February 28, 2006, the defendant appeared for further examination. At that interview, he was shown two birth certificates in Farsi. The defendant confirmed the first birth certificate was his, which was in the name of Javad Rahemzadeh (D.O.B. 07/14/1968). The second birth certificate was in the name of Mehdi Osia (D.O.B. 04/03/1969), and the defendant confirmed that he had used it, alleging that his parents had "made that one". The defendant also stated that he had entered the United States for the first time without inspection through Mexico in 1993. The defendant stated that he had only filed one asylum application based on fear of persecution for being homosexual. The defendant also stated that he entered the United States again through the airport at Orlando, Florida, with a fake Swedish passport and that it bore a Swedish name.

12. On July 25, 2007, the defendant was sent a notice of USCIS' Motion to Reconsider notifying the defendant that USCIS intended to rescind its grant of asylum. On October 15, 2007, the defendant was sent a notice that his asylum had been rescinded.

## Conclusion

13. I respectfully submit that the above presented facts establish probable cause to believe that Javad RAHEMZADEH, a/k/a Mehdi OSIA, a/k/a John Andreas SJOQUIST, a/k/a John ABBASZADEH, did knowingly subscribed as true statements which were false and material to his Application for Naturalization, and knowingly presented said application to immigration officials, in violation of Title 18, United States Code, Section 1546(a), Fraud and Misuse of Visas, Permits, and Other Documents, while in the Northern District of California.

3

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.


Melissa Saurwein
U.S. Customs and Border Protection
U.S. Dept. of Homeland Security


SUBSCRIBED AND SWORN BEFORE ME
ON October 31, 2007  11/1/07


The Honorable Edward M. Chen
US Magistrate Judge
Northern District of California

4